UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOUIS S.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. C23-5519-BAT

**ORDER REVERSING AND REMANDING FOR ADMINISTRATIVE PROCEEDINGS**

     Plaintiff appeals the ALJ's decision under 42 U.S.C. §405(g), contending the ALJ's denial of his request for an administrative hearing violates his right to due process because he did not receive notice that reconsideration of his applications for benefits had been denied. Dkt. 1, 8. The Court agrees and **REVERSES** and **REMANDS** the case for an administrative hearing that addresses Plaintiff's disability claim.

     The ALJ found Plaintiff applied for disability benefits in August 2020; his application was denied initially on June 15, 2021, and upon reconsideration on November 16, 2021; and Plaintiff filed an untimely written request for hearing before an ALJ on April 21, 2022. Tr. 20.

     The ALJ's decision notes Plaintiff's counsel stated good cause exists to grant a hearing because counsel's office never received a copy of the reconsideration decision notice. Tr. 21. The ALJ acknowledged Plaintiff's counsel also submitted a separate statement from the

Paralegal in the office who receives and logs in all denials at the reconsideration level, that avers the paralegal did not receive a denial notice for Plaintiff's deadline to request an administrative hearing. *Id.*

The ALJ found Plaintiff failed to establish good cause on the grounds the record shows the Division of Disability Determination Services (DDS) issued a letter addressed to Plaintiff's counsel advising Plaintiff that reconsideration had been denied and that a copy of the reconsideration decision notice was being forwarded. Tr. 21. The ALJ found:

> Due to the fact that the representative is listed on the notice as an addressee, and that there is a separate letter from the reconsideration adjudicator addressed directly to the representative stating that they are forwarding a copy of the reconsideration decision notice, and since there is no returned mail in the file, it is assumed the reconsideration notice was delivered.

*Id.*

Plaintiff contends the ALJ's finding violates his right to due process. As an initial matter, the Court has jurisdiction to review only a final decision of the Commissioner. *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (quoting *Califano v. Sanders*, 430 U.S. 99, 109 (1977)); 42 U.S.C. § 405(g). An ALJ's decision whether good cause has been shown to entertain an untimely hearing request is discretionary not final, and thus is generally unreviewable by a district court. *Id.*

However, the Court may address a discretionary and nonfinal decision of the Commissioner when it "is challenged on constitutional grounds." *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997) (citing *Sanders*, 430 U.S. at 109); 42 U.S.C. § 405(g). This "exception applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001)

ORDER REVERSING AND REMANDING FOR ADMINISTRATIVE
PROCEEDINGS - 2

1  (internal quotation marks and citation omitted). A "mere allegation of a due process violation is
2  not a colorable constitutional claim." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008)
3  (internal quotation marks and citation omitted). "Rather, the claim must be supported by facts
4  sufficient to state a violation of substantive or procedural due process." *Id*. (internal quotation
5  marks and citation omitted).

6      The Court finds Plaintiff states a colorable constitutional claim. He contends and the
7  record shows, he has maintained at both the administrative level and in this Court, that he did not
8  receive notice that reconsideration of his disability application was denied. In support, the record
9  contains statements from both his lawyer and the paralegal who receives and logs all denials of
10 reconsideration that counsel's office never received the reconsideration denial. The Court
11 accordingly concludes it has jurisdiction to address Plaintiff's request for review.

12     The Commissioner argues notwithstanding Plaintiff's counsel's statements that he did not
13 receive notice of the denial of reconsideration, "the ALJ reasonably pointed out that the record
14 undercut Plaintiff's claims that his representative never received the November 2021
15 reconsideration denial notice," Dkt. 20 at 6, and even if counsel did not receive notice, "the ALJ
16 reasonably found Plaintiff failed to show good cause for his untimely hearing request when there
17 is no dispute that Plaintiff himself received the agency's November 2021 reconsideration denial
18 notice." Dkt. 20 at 5.

19     The record does not support the Commissioner's arguments. As to the Commissioner's
20 first argument, the ALJ found, Plaintiff did not establish good cause because the record contains
21 correspondence prepared by DDS that was addressed to counsel and "since there is no returned
22 mail in the file it is assumed the reconsideration notice was delivered." Tr. 21. While the record
23 shows correspondence was prepared, there is nothing showing it was actually mailed.

ORDER REVERSING AND REMANDING FOR ADMINISTRATIVE
PROCEEDINGS - 3

The Court finds any "assumption" or presumption the notice was mailed is rebutted by the uncontested statements of Plaintiff's counsel and counsel's paralegal averring they did not receive the notice. *See Ashe v. Saul*, 983 F.3d 1104, 1108 (9th Cir. 2020) (unrebutted statement of counsel he had not received the notice, where the face of the notice indicates, they were supposed to have been mailed is sufficient to rebut the presumption and shift the burden of proving actual receipt to the government.).

As to the Commissioner's second argument, if Plaintiff's counsel did not receive copies of the notices, it is unreasonable to simply assume or conclude that Plaintiff himself received the notices. The Commissioner contends the record establishes there is no dispute that Plaintiff did in fact receive the notices. But the record does not establish this as there is no affirmative admission from Plaintiff that he in fact received the notices. The record only shows that notices were generated and addressed to counsel and Plaintiff. But beyond, that there is nothing showing Plaintiff received the notices, and there is affirmative evidence that Plaintiff's counsel did not.

Moreover, the ALJ denied Plaintiff a hearing on the sole ground that correspondence addressed to counsel was in the record and that it can be assumed counsel received it because that correspondence was not returned. The ALJ did not deny a hearing based upon a finding that Plaintiff himself had received the notice. The Commissioner's argument the ALJ reasonable found Plaintiff failed to show good cause because Plaintiff, himself, received the notice thus does not reflect the ALJ's findings or decision, and the Court declines to affirm the ALJ's decision based upon findings not made by or relied upon by the ALJ.

The Commissioner argues Plaintiff's counsel's claim Plaintiff "has severe physical and mental impairments which makes it extremely difficult for him to follow through with Social Security's request. He relies on our office to follow through for his Social Security Disability

ORDER REVERSING AND REMANDING FOR ADMINISTRATIVE
PROCEEDINGS - 4

claim," does not constitute good cause. Dkt. 20 at 6. Again, the ALJ never addressed whether this claim constituted good cause and did not deny Plaintiff a hearing for this reason in any event. The Court according declines to resolve this case based upon issues the ALJ never addressed or findings the ALJ never made.

Because the Court finds the sole ground upon which the ALJ relied in denying a hearing is rebutted, and the failure to receive notice violates Plaintiff's right to due process, the Court concludes the case should be remanded for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall conduct a hearing addressing the merits of Plaintiff's disability claim utilizing the five-step disability determination process.

DATED this 5th day of February, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge